23-6393
*United States v. Martin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand twenty-four.

PRESENT:   Richard C. Wesley,
           Steven J. Menashi,
           Beth Robinson,
                *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                                    No. 23-6393

CARL MARTIN, AKA CARL SYLVESTER MARTIN, AKA ANDRE CARL MARTIN, AKA DRE,

     *Defendant-Appellant.*

_____

*For Appellee*:   WENDY L. FULLER (Gregory L. Waples, *on the brief*), Assistant United States Attorneys, *for* Nikolas P. Kerest, United States Attorney for the District of Vermont, Burlington, VT.

*For Defendant-Appellant*:   CHANDLER W. MATSON, Barr Law Group, Stowe, VT.

Appeal from a judgment entered in the United States District Court for the District of Vermont (Sessions, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Carl Martin was convicted after a jury trial of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and four counts of distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The jury acquitted Martin of possession of a firearm in furtherance of a drug trafficking crime. The charges against Martin arose out of a series of controlled purchases between October 2018 and October 2019. Martin's principal defense at trial was entrapment.

On appeal, Martin challenges three of the district court's evidentiary rulings. We review evidentiary rulings for abuse of discretion, which occurs only when "the decision to admit or exclude evidence was manifestly erroneous." *United States v. McGinn*, 787 F.3d 116, 127 (2d Cir. 2015) (internal quotation marks omitted). "Moreover, even if a ruling was manifestly erroneous, we will still affirm if the error was harmless" because "it is not likely that it contributed to the verdict." *Id*. (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

First, Martin argues that the district court erred by allowing law enforcement agents to testify that they heard reports that Martin distributed drugs. Martin contends that this testimony amounted to impermissible hearsay regarding his predisposition to commit the crime charged. Even if the evidence had a permissible non-hearsay purpose, he additionally suggests, its admission was unduly prejudicial.

"Hearsay is evidence of a declarant's out-of-court statement to prove the truth of what is asserted in the statement." *United States v. Reyes*, 18 F.3d 65, 69 (2d Cir. 1994); *see* Fed. R. Evid. 801(c). "[I]n some instances, information possessed by investigating agents is received at trial not for the truth of the matter, but as 'background' to explain the investigation, or to show an agent's state of mind so that the jury will understand the reasons for the agent's subsequent actions." *Reyes*, 18 F.3d at 70. Even if the evidence has a relevant non-hearsay purpose, however, the proffer of such evidence is subject to an unfair prejudice analysis to determine whether "the probative value of this evidence for its non-hearsay purpose is outweighed by the danger of unfair prejudice resulting from the impermissible hearsay use of the declarant's statement." *Id.* Thus, "the mere identification of a relevant non-hearsay use of such evidence is insufficient to justify its admission if the jury is likely to consider the statement for the truth of what was stated with significant resultant prejudice." *Id.*

Law enforcement agents testified at trial that they heard reports of Martin distributing controlled substances. *See, e.g.*, 6/6/22 Trial Tr. at 53 (ATF Special Agent Wood testifying that "I learned of reports of [Martin's] suspected drug distribution"); *id.* at 83 (Wood testifying that he became involved in the case after learning "that Carl Martin was reported to have been distributing controlled substances"); 6/8/22 Trial Tr. at 221 (ATF Special Agent Brown testifying that he heard reports "to the effect of Carl Martin was selling larger weights of drugs").

We conclude that even if the testimony was unfairly prejudicial, its admission was harmless. The testimony was relevant to show the agents' state of mind in undertaking the investigation of Martin. However, some of the statements may have been unnecessarily specific and therefore raise a question of unfair prejudice. For example, one agent testified to hearing reports that "Martin was selling larger weights of drugs." 6/8/22 Trial Tr. at 221. To avoid possible prejudice, the agents could have stated that they were acting "upon information received" without relaying specific details about the defendant. *See* 2 McCormick on Evidence § 249 (8th ed. 2020) (noting that the admission of statements by investigating officers to explain the background of the investigation is subject to "abuse" and suggesting that "a statement that an officer acted 'upon information received,' or words to that effect, should be sufficient"). Any error was harmless, however, because the government presented other non-hearsay evidence that Martin was distributing cocaine prior to the start of the government's investigation in fall 2018, including testimony from cooperating witnesses. *See* 6/7/22 Trial Tr. at 227-28 (Julardzija testifying that he obtained cocaine from Martin in summer 2017); 6/8/22 Trial Tr. at 138 (Lathrop testifying that Martin was introduced to him as a drug dealer in summer 2018). In light of that other evidence, any error is unlikely to have "contributed to the verdict." *McGinn*, 787 F.3d at 127.

## II

Second, Martin argues that the district court erred by admitting evidence that Martin attempted the armed robbery of a drug dealer. He contends that this evidence was not sufficiently relevant to Martin's propensity to distribute drugs or to handle firearms, and he maintains that it was unduly prejudicial.

By asserting an entrapment defense, Martin invited the introduction of predisposition evidence. *See United States v. Flores*, 945 F.3d 687, 717 (2d Cir. 2019) ("When a defendant has presented credible evidence of inducement by a government agent, the government has the burden of proving beyond a reasonable doubt that the defendant was predisposed to commit the crime."). To

prove predisposition, the government may present "evidence of a defendant's past conduct; this past conduct should be 'near enough in kind to support an inference that his purpose included offenses of the sort charged[,]' although it is not necessary that the past conduct be precisely the same as that for which the defendant is being prosecuted." *United States v. Harvey*, 991 F.2d 981, 994 (2d Cir. 1993) (quoting *United States v. Sherman*, 200 F.2d 880, 882 (2d Cir. 1952) (L. Hand, J.)); *see United States v. Viviano*, 437 F.2d 295, 299 n.3 (2d Cir. 1971) ("There is no requirement that the evidence of prior criminal conduct be formally the same as the crime charged. … [I]t is enough that the prior conduct be morally indistinguishable from the crime charged and of the same kind.") (internal quotation marks omitted). Predisposition evidence must also be proper under Federal Rule of Evidence 403 and "its prejudicial effect must not substantially outweigh its probativeness." *Harvey*, 991 F.2d at 996.

Cooperating witness Peter Nguyen testified that he, Martin, and a third person attempted the armed robbery of a drug dealer in order to obtain his "drugs and money." 6/8/22 Trial Tr. at 183-84. Nguyen also testified that all three of them carried guns during the attempt. *Id.* at 187.

The district court did not abuse its discretion in admitting this testimony. The evidence was "near enough in kind" to the firearm charge to constitute predisposition evidence. *Sherman*, 200 F.2d at 882. The evidence tended to show that Martin used firearms illicitly. Nor was this evidence unduly prejudicial: *Any* evidence of past criminal conduct would put the defendant in an unfavorable light, and we cannot conclude that this testimony was so inflammatory as to create unfair prejudice.

### III

Third, Martin argues that the district court violated his right to confront the witnesses against him by preventing the defense from cross-examining the cooperating witnesses as to their attorney-client communications regarding the projected outcomes of the charges against them. Martin asserts that such

questioning was necessary to understand the witnesses' motivations to lie and particularly their incentives to "paint[] themselves as [drug] users rather than distributors." Appellant's Br. 28.

"It is clear that government witnesses have a right to assert the attorney-client privilege on cross-examination." *United States v. Coven*, 662 F.2d 162, 170 (2d Cir. 1981). However, when "assertion of the privilege unduly restricts a defendant's cross-examination" as to a non-collateral matter, "the witness' direct testimony may have to be stricken." *Id.* at 170-71. A witness's "general credibility" is a collateral matter, and the assertion of the attorney-client privilege in that context does not "deprive [a defendant] of [his] constitutional right to confrontation." *Id.* at 171 (citing *Dunbar v. Harris*, 612 F.2d 690, 692-93 (2d Cir. 1979), and *United States v. Cardillo*, 316 F.2d 606, 611 (2d Cir. 1963)).

The district court did not abuse its discretion in restricting the cross-examination. Martin's argument resembles the argument we rejected in *Coven*, in which the defendant sought to attack the witnesses' "general credibility" by exploring their cooperation agreements. *Id.*; *see also United States v. Lin*, No. 00-1020, 2000 WL 1340361, at *2 (2d Cir. Sept. 12, 2000) (holding that the district court did not err by preventing the defendant from "questioning the accomplice witness about conversations with his attorney as to the sentence he might expect to receive in light of his cooperation with the government"). Martin counters that the issue here was not collateral because he sought to challenge the witnesses' credibility by exploring whether each witness "had a specific motivation to paint himself as a user and another as a dealer." Reply Br. 10. But Martin does not show that he was unable to elicit similar information without invading the attorney-client privilege. "Cross-examination is not improperly curtailed if the jury is in possession of facts sufficient to make a 'discriminating appraisal' of the particular witness's credibility." *United States v. Roldan-Zapata*, 916 F.2d 795, 806 (2d Cir. 1990) (quoting *United States v. Singh*, 628 F.2d 758, 763 (2d Cir. 1980)). Both Julardzija and Lathrop testified that they signed cooperation agreements with the government, *see* 6/8/22 Trial Tr. at 37-39, 155-56, and the defense questioned Julardzija as to his

6

understanding of the sentencing differences between drug users and dealers, *see id.* at 98-99. Accordingly, the district court did not err in preventing the defense from invading the attorney-client privilege.

*   *   *

We have considered Martin's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court